UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KELVIN MARTE,<br>            Defendant. | Criminal No. 05-259M-01<br><br>**FILED**<br>MAY 1 7 2005<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## DETENTION MEMORANDUM

The Defendant, Kelvin Marte, has been charged in a criminal complaint with unlawful, knowing, and intentional distribution of a mixture and substance containing a detectable amount of powder cocaine, a narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on May 13, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, Officer Edward Hansohn with the Metropolitan Police Department testified for the government. The officer testified that on May 6, 2005, Defendant Rodriguez spoke

with a confidential informant located in New York ("NY CI") to arrange a drug transaction in the District of Columbia. Defendant Rodriguez informed the NY CI that he would travel to D.C. by automobile with a driver and the NY CI, and that Defendant Marte would travel by bus to D.C. carrying the drugs. As planned, Defendant Marte traveled by bus to the District of Columbia, was met at the D.C. bus station by a D.C. confidential informant ("DC CI"), and got into the DC CI's vehicle. About an hour later, Defendant Marte and the DC CI were met at the bus station by Defendants Vargas and Rodriguez and the NY CI. Both Defendant Vargas' vehicle and the vehicle containing Defendant Marte and the DC CI drove to a Burger King located at 3rd Street and Florida Avenue, N.E., in the District of Columbia. At that location, the automobile being driven by Defendant Vargas and the automobile driven by a DC CI and pulled in next to one another. An undercover officer with the Metropolitan Police Department met the Defendants and the CIs at that location. The undercover officer gave Defendant Marte $9,000.00 in police 'flash' funds at which time Defendant Marte gave a package, later determined to contain 1 kilogram of powder cocaine, to the D.C. CI. This exchange took place solely in the undercover officer's vehicle. Defendant Vargas and Defendant Rodriguez were in the second automobile and no testimony was proffered that either of these Defendants exited their vehicle during the drug transaction. After the drugs were given to the DC CI, an arrest signal was given, and the three Defendants were arrested.

## Discussion

Having heard the testimony at the May 13, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed offenses in violation of 21 U.S.C. § 841(a)(1). When, as here, the Court finds that there is probable cause to believe that a Defendant

has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant Marte possessed 1 kilogram cocaine and was an active participant in the drug sale. The amount of drugs involved strongly indicate drug distribution. Thus, the charges are most serious.

The second factor, the weight of the evidence, favors detention. The government has testimony of two confidential informants regarding the drug transaction and this Defendant's participation. Additionally, the police have video and audio surveillance of the drug transaction.

The third factor, the history and characteristics of the Defendant, does not support pretrial detention. The Defendant does not have any prior criminal convictions. He is, however, not a D.C. resident and the Defendant provided no argument regarding his likelihood to abide by release conditions. This factor does not support pretrial detention.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, favors detention. The Defendant's current charge before this Court involves narcotics. This clearly demonstrates that he is a substantial danger to the community. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics trafficking is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the

community. Therefore, the government's motion for pretrial detention is granted.

Dated: May 16ᵗʰ, 2005

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE